UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-745 |
| | § | |
| JERAME CRUZ | § | |

**ORDER DENYING MOTION FOR EXTENSION
OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255**

Jerame Cruz (Cruz) seeks an unspecified extension of time to file his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 58). For the reasons stated below, the Court DENIES the motion.

After pleading guilty to drug trafficking pursuant to a written plea agreement, Cruz was sentenced by this Court on August 29, 2013. (D.E. 52). The judgment was entered on September 3, 2013. (D.E. 52.) Cruz did not appeal.

Cruz requests an extension of time to file his motion because he has a mental disability and is on medication. The PreSentence Investigation Report indicates that Cruz reported that he was on medication for depression and anxiety, but the medication was not helping. (D.E. 38, ¶ 45). The Court ordered a mental health evaluation, and Cruz was determined to be competent to stand trial. (D.E. 49).

The deadline for Cruz to file a § 2255 motion has not yet passed. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f)(1). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period

for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Cruz's conviction became final on September 17, 2013, 14 days after the judgment was entered on the docket. Thus, Cruz has one year from that date, which is September 17, 2014, to file his § 2255 motion. The statute provides certain alternative dates upon which the limitations period may begin, *see* 28 U.S.C. § 2255f(2)-(4), and the statute is subject to equitable tolling "in rare and exceptional cases." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling and statutory tolling are available only in very limited circumstances.

If Cruz files his motion on or before September 17, 2014, it will be timely and no extension of time is necessary. This Court cannot consider a motion for extension of time to file a § 2255 motion or for tolling of the statute before a § 2255 motion is filed. *See United States v. McFarland*, 125 Fed. App'x. 573, 574 (5th Cir. April 6, 2005) (per curiam) (designated unpublished) (relying upon *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000)). *Leon* held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because before that time, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory."

If Cruz wishes to file a § 2255 motion, he should do so before September 17, 2014. If he files it after September 17, 2014, the Court will determine at that time whether his case is one of the rare and exceptional cases where tolling of the statute of

limitations would be appropriate.  The Court does not decide at this time whether Cruz would be entitled to such tolling.  Instead, the Court will address the timeliness of any § 2255 motion filed by Cruz after it is filed.  Until that time, the Court lacks jurisdiction to entertain a motion for extension of time to file a § 2255 motion.  *See McFarland*, *supra*.

## CONCLUSION

For the foregoing reasons, Cruz's motion for extension of time to file a § 2255 motion (D.E. 58) is DENIED.

ORDERED this 25th day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE