UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:12-CR-745 |
| § | |
| JERAME CRUZ § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND ORDER DENYING <u>CERTIFICATE OF APPEALABILITY</u>

Jerame Cruz (Cruz) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 60. The Government responded and filed a motion for summary judgment. D.E. 70. Cruz did not file a reply. For the reasons stated herein, the Court grants the Government's motion for summary judgment, denies Cruz's motion to vacate, set aside, or correct sentence, and denies Cruz a certificate of appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

### II. FACTUAL BACKGROUND AND PROCEEDINGS

Cruz was charged in a three-count indictment with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). D.E. 7.[1]

---

[1] Docket Entry references are to the criminal case.

Cruz entered into a plea agreement with the Government to plead guilty to Count One, conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, and was rearraigned. D.E. 30, 66, 67. In exchange for his plea of guilty and his waiver of his right to appeal or to collaterally attack his conviction or sentence, the Government agreed to recommend that Cruz be given maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guideline range and dismissal of Counts Two and Three. D.E. 30, ¶¶ 1, 2, 7.[2]

During rearraignment, Cruz acknowledged that he received the indictment, he understood the charges, and discussed the charges with his attorney. D.E. 67, pp. 5–6. The Government summarized Cruz's plea agreement, including his waiver of the right to appeal or file a post-conviction challenge.[3] *Id.*, p. 13. Cruz identified the plea agreement he signed and testified he discussed it with his attorney before he signed it. *Id*., pp. 13–

---

[2]  The waiver provision read,

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

*Id*. (emphasis in original).

[3]  The Government described the plea agreement waivers as follows, "In Paragraph 7, the Defendant is advised of his waiver of rights, that he can only appeal his case, his sentence imposed or collaterally attack his conviction and sentence under limited circumstances." *Id.*

14. The Court specifically reviewed the waiver of his right to appeal.[3] *Id*., p. 24.

The Court advised Cruz of the maximum punishment of 20 years, followed by supervised release of up to three years, a fine of up to $250,000, and a special assessment of $100. *Id*., pp. 17–18. He testified that he understood the maximum punishment. *Id*., p. 9. He was generally warned that his guideline punishment range would be based upon the present offense and his criminal history using the Sentencing Guidelines. *Id*., pp. 9–11. He testified that he understood. *Id.*, p. 11. Cruz testified that his decision to plead guilty was voluntary and that he had not been promised leniency or forced to plead guilty. *Id*. The Government outlined the facts it relied upon to charge Cruz with drug trafficking. *Id*., pp. 17–21. He agreed with the recitation. *Id.*, p.21.

The Probation Department calculated Cruz's offense level of 34 based upon a drug quantity of 317.1 actual grams of methamphetamine. D.E. 38, ¶ 15. Because guns were found near the drugs, the Probation Department added two additional levels. After credit for acceptance of responsibility, Cruz's offense level was 33. *Id*., ¶¶ 16-24.

Cruz had numerous juvenile offenses that were not scored. *Id*., ¶¶ 25–32. His criminal history points totaled three, resulting in application of criminal history category

---

[3]   THE COURT: And the plea agreement included a waiver
of your right to appeal the conviction and sentence in your
case. Do you understand that?
THE DEFENDANT: Yes, ma'am.
THE COURT: Did you specifically discuss that with
your attorney?
THE DEFENDANT: Yes, ma'am.
THE COURT: You understand you're waiving your right
to appeal your case, except under very limited circumstances?
THE DEFENDANT: Yes, ma'am.

*Id*., p. 15.

II. *Id.*, ¶¶ 33–39. His guideline imprisonment range was 151–188 months, with a statutory minimum sentence of 10 years. *Id.*, ¶ 50-51. Cruz filed objections to the PSR regarding the firearms increase and for lack of a mitigating role adjustment. D.E. 37.

Before his scheduled sentencing in May 2013, Cruz attempted suicide while at the detention facility. Thereafter, defense counsel moved for a competency examination. D.E. 46. The Court granted the motion and by Order of the Court dated June 21, 2013, ordered that Cruz be committed to the custody of the Attorney General for not more than thirty days for examination and determination of competency. D.E. 48. On August 5, 2013, the Court received the report that stated that Cruz was competent. D.E. 49. Sentencing was held three weeks later.

At sentencing, Cruz testified that he had received his PSR and discussed it with counsel. D.E. 68, p. 2. Defense counsel argued that the Government had not sufficiently established that the gun found at Cruz's residence was connected to the drugs found at a different location, and the firearms enhancement should therefore not be applied. *Id.*, pp. 5-6. The Government provided testimony from the case agent. After hearing testimony and argument, the Court overruled the objection to the firearms enhancement. *Id.*, p 22. Defense counsel then urged the Court to grant a minor role reduction to Cruz's offense level. *Id*. The Court overruled the objection. *Id.*, p. 23. The Government recommended a 160-month sentence. Defense counsel argued for a 120 month sentence based upon Cruz's lack of substantial criminal history, his troubled upbringing, and other personal characteristics. The Court granted a variance and sentenced Cruz to 120 months in the Bureau of Prisons, five years supervised release, and a special assessment of $100. *Id.*, p.

31. The Court reminded Cruz that he waived his right to appeal. *Id.*, p. 34. Cruz did not appeal but filed his present motion.

### III.  MOVANT'S ALLEGATIONS

Cruz alleges that his counsel provided ineffective assistance on the grounds that counsel: (1) failed to file motions regarding his past and continuing mental disorders; (2) allowed Cruz to be sentenced while he did not have the mental capability to understand the seriousness of the nature of the charges brought against him; (3) failed to discuss with Cruz his right to a direct appeal, but told him an appeal would be a waste of time, and (4) failed to advise the Court that Cruz's mental evaluation was far from complete and that Government counsel pressured the psychologist at the facility by calling him every day, which caused the psychologist to shorten the evaluation and send Cruz back to Corpus Christi. Cruz further alleges that he told his attorney that he was starting to visit MHMR for medications and mental health when he was arrested.

The Government argues that Cruz waived his right to file the present motion and further argues that Cruz was competent.

### IV.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81

F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Counsel's Alleged Failure to Discuss Appeal with Cruz**

Cruz alleges that counsel did not discuss his right to direct appeal with him, but then also states that counsel advised him that an appeal would be a waste of time. Cruz does not state that he wanted to appeal or would have appealed had counsel done more, nor does he claim that he instructed counsel to appeal.

In cases "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). "If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id*. The *Roe* court held that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either
> (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or
> (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id*.

Cruz entered into a plea agreement with the Government in which he both waived his right to appeal his sentence and waived his right to collaterally attack his conviction and sentence. Counsel obtained a reduction of 31 months off the low end of the Sentencing Guidelines, and Cruz had previously been advised that the statutory minimum sentence was 10 years—the sentence he received by the Court. Under the circumstances, unless Cruz shared some information with counsel that he has not shared with the Court, counsel would not have assumed that Cruz, or any rational defendant, would have wanted to appeal. As a result, Cruz has not established that counsel's alleged failure to consult with him after sentencing was constitutionally deficient conduct. *See Hayward v. United States*, 2012 WL 2022057, at *3 (E.D. Tex. Jun. 5, 2012) (holding counsel was not ineffective for his failure to consult with defendant regarding his right to appeal where defendant waived appeal, there were no nonfrivolous grounds for appeal, and no reason for counsel to believe a rational defendant would want to appeal); *Martinez v. United States*, 2009 WL 1749940, at *6 (S.D. Tex. Jun. 18, 2009) (counsel not deficient for failing to consult with defendant regarding appeal where defendant waived appeal, there were no nonfrivolous grounds for appeal, and defendant received benefit for which he bargained); *United States v. Hutchinson*, 2007 WL 2127598, at *1–3 (S.D. Tex. Jun. 24, 2007) (finding counsel was not deficient for failing to consult with defendant regarding appeal after defendant pled guilty pursuant to a plea agreement that waived right to appeal, there were no nonfrivolous issues for appeal, and sentence within guidelines); *but see United States v. Pham*, 722 F.3d 320, 325–26 (5th Cir. 2013) (counsel's failure to consult with defendant after sentencing when he received sentence different than he

hoped for and asked counsel what he could do next constituted ineffective assistance of counsel).

Cruz has also failed to establish that, but for counsel's deficient conduct, he would have appealed. *Roe*, 528 U.S. at 484 ("We hold that, to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."); *United States v. Bejarano*, 751 F.3d 280, 286 (5th Cir. 2014) (finding that defendant had not established prejudice by testifying that he would have taken appeal). The facts in *Bejarano* are instructive. Even though Bejarano asked about an appeal and later testified that he would have appealed if counsel had consulted with him, the Fifth Circuit affirmed the district court findings that on the record, Bejarano's testimony was insufficient. *Bajarano*, 751 F.3d at 288. Here, Cruz does not even claim that he would have filed an appeal if counsel had properly consulted with him. Cruz failed to establish a claim of ineffective assistance of counsel on this issue.

C. **Ineffective Assistance of Counsel**

**1. Standard for ineffective assistance of counsel**

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's

performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Counsel's failure to investigate Cruz's competency before his guilty plea

Cruz's claims of ineffective assistance can arguably be read to include a claim that counsel's failure to challenge Cruz's competency before rearraignment precluded a knowing and voluntary guilty plea. Cruz first appeared before the Court to enter a guilty plea on January 10, 2013. D.E. 66. The Court began its questioning of Cruz with preliminary questions, including, "Have you ever been treated by a doctor, been in a hospital for a mental disorder or any mental illness?" *Id*., p. 3. Cruz responded that he

was seeing a psychologist for, "I don't know, I guess depression or anxiety. I have no idea" and had been doing so for "a couple of months." *Id.* He had not seen anyone for these problems in the past. When asked about medication, Cruz responded:

> THE COURT: Are you on any medication?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Anything about that medication you think affects your ability to think clearly today?
> THE DEFENDANT: I don't know.
> THE COURT: You don't know? You understand what's going on?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Do you understand my questions?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Do you feel competent to go forward, like you understand what's going on and you can answer the questions and you know what we're doing?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Okay. Is there any – are you feeling different because of that medication?
> THE DEFENDANT: I don't know, I just feel a little rushed and nervous and anxiety.
> THE COURT: Okay. So you're feeling kind of nervous and anxious right now?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Do you think that's affecting your ability to understand what's happening today?
> THE DEFENDANT: I don't think so.
> THE COURT: Okay. Well, I kind of need to be sure, because if you don't understand the proceeding today, that could be a problem. I'm going to proceed. If you don't understand what's going on, if you need me to slow down, you need to let me know. Okay?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Are you prepared to go forward right now?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And you think you feel pretty clearheaded to go forward?
> THE DEFENDANT: Yes, ma'am.

*Id.*, pp. 3-5. Cruz denied that his previous drug use affected his ability to understand the

proceedings. *Id.*, p. 6. Cruz's counsel stated that Cruz was able to discuss with her the nature and consequences of the charges against him and that she believed Cruz to be competent. *Id.*, p. 7. Cruz testified that he understood the charges against him. *Id.*, p. 8. Later during the plea colloquy, Cruz expressed concern over what he was facing. *Id.*, p. 9. The Court stopped the plea colloquy and recessed for twenty minutes. *Id*. When the proceedings resumed, Cruz stated that he was satisfied with counsel and was ready to proceed with his guilty plea. *Id.*, p. 11. Resumption of the plea was continued until the following morning. On January 11, 2013, Cruz was asked whether he was comfortable with proceeding, and he responded that he was. D.E. 67, p. 5. Cruz responded appropriately to all the Court's questions. Nothing in the record indicates that he had any difficulties understanding the proceedings. According to the motion counsel filed asking for a competency examination before sentencing, she knew that Cruz was suffering from anxiety and depression, but she believed him to be competent until his suicide attempt. D.E. 46, p. 2.[4]

There is no evidence in the record that Cruz's depression and anxiety prevented him from understanding the proceedings. Cruz's own testimony contradicts his assertion. There is additionally no evidence to support his claim that defense counsel should have

---

[4] Counsel has visited with Mr. Cruz and his family on many occasions and has attended several court hearings with Mr. Cruz. Counsel was aware that Mr. Cruz was suffering from severe depression and anxiety and had seen a doctor while in custody and was prescribed medications. However, Counsel has always felt that Mr. Cruz was competent to attend court hearings and understand the nature and the circumstances of the case and was able to assist with possible defenses and sentencing arguments. On May 17, 2013 Mr. Cruz was set to be sentenced when counsel found out through the Court that Mr. Cruz had attempted suicide. Defense counsel is concerned that Mr. Cruz may have deteriorated mentally or is suffering from a mental illness that affects his ability to assist counsel in preparing for sentencing in this matter.

*Id*.

been aware of his alleged incompetency in January 2013. Indeed, even after his suicide attempt and subsequent testing, the Bureau of Prisons examiners found Cruz to be competent. Cruz has not established that counsel provided ineffective assistance of counsel in connection with his guilty plea.

**D.     Enforcement of Waiver**

Cruz did not address his waiver of the right to collaterally attack his sentence based upon his plea agreement. The burden to demonstrate that his plea and waiver should not be enforced is on Cruz.

Claims of ineffective assistance do not automatically relieve a defendant of his waivers of appeal and § 2255 post-conviction proceedings. *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (An ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In *White*, the Court held that defendants can waive their right to pursue claims of ineffective assistance as part of a plea agreement if they wish to do so. *Id*. at 343.

Cruz was questioned at rearraignment regarding his understanding of the charges against him, was informed of the maximum punishment, and swore he was not promised leniency for his plea or forced to plead guilty. He was also questioned regarding his understanding of the plea agreement and his waiver of his right to appeal. Cruz testified he understood the plea agreement and had reviewed it with counsel before signing it.

The Court specifically admonished Cruz regarding his waiver of the right to appeal, but did not specifically address his waiver of § 2255 rights as set forth in the plea agreement. This Court's omission of specific mention of § 2255 rights does not render

the waiver ineffective. *See United States v. Narvaez*, 452 Fed. App'x 488, 492–93 (5th Cir. Nov. 28, 2011) (per curiam) (designated unpublished); *see also United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (*en banc*) (finding error during plea colloquy to be harmless); *United States v. Azarte–Davalos*, 328 Fed. App'x 921, 922 (5th Cir. May 1, 2009) (per curiam) (designated unpublished) (district court's failure to comply with Rule 11 did not render plea involuntary or unknowing).

Cruz's sworn statements in open court that he understood the plea agreement and the waiver are entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986). Cruz's plea agreement and his sworn statements preclude the relief he seeks here.

The burden to demonstrate that the waiver should not be enforced is on Cruz. He has not addressed the issue and the only evidence before the Court is that his guilty plea, including the waivers, was knowing and voluntary. The waiver is enforceable and bars his claims.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A). Although Cruz has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Cruz is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 70) is **GRANTED**, Cruz's § 2255 motion (D.E. 60) is **DENIED**, and Cruz is **DENIED** a Certificate of Appealability.

ORDERED this 21st day of July, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE